**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **LC TECHNOLOGY INTERNATIONAL, INC.,** individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **DOORSTEP DELIVERY.NET, INC.**, a Florida Corporation, | )<br>) |
| | ) |
| Defendant. | ) |
| | )<br>) |

Civil Action No.:

COMPLAINT – CLASS ACTION

## CLASS ACTION COMPLAINT

Plaintiff, LC Technology International, Inc., ("Plaintiff" or "LC"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, Doorstep Delivery.net, Inc. ("Defendant" or "Doorstep"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 *et seq*. ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon

information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements

to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile

transmission of unsolicited advertisements on or about May 23, 2016 ("the May 23 Fax"), a true

and correct copy of which is attached hereto as Exhibit A and made a part hereof. The May 23

Fax promotes the services and goods of Defendant. Plaintiff is informed and believes, and upon

such information and belief avers, that Defendant has sent, and continues to send, unsolicited

advertisements via facsimile transmission in violation of the JFPA.

      3.      Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the

use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable

time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and

require additional labor to attempt to discern the source and purpose of the unsolicited message.

      4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a

class action asserting claims against Defendant under the JFPA.

      5.      Plaintiff is informed and believes, and upon such information and belief avers,

that this action is based upon common facts: the facsimile transmissions at issue were and are

being sent by the same people in the same or similar manner. This action is based on the same

legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the

JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives,

contractors, affiliates, and all persons and entities acting in concert with them, from sending

unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the

minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act. Plaintiff also seeks reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue is proper in this District because Defendant committed a statutory violation within this district, a significant portion of the events took place within this District, and Defendant is headquartered within this District.

## PARTIES

8.      Plaintiff is a Florida corporation located in Clearwater, Florida.

9.      Defendant, Doorstep Delivery.net, Inc. ("Doorstep"), is a Florida Corporation with its principal address 708 at East Colonial Drive, Orlando, Florida, 32803.  Doorstep at all relevant times marketed and sold food delivery services from local restaurants.

## FACTS

10.     On or about May 23, 2016, Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11.     Defendant profited by and received the benefits of marketing of its services and is a responsible party under the JFPA.

12.     Defendant created or made Exhibit A, which Defendant knew or should have known advertises and solicits consumers to buy Defendant's services that Defendant intended to and did in fact distribute to Plaintiff and the other members of the class.

13.     Exhibit A is part of Defendant's work or operations to market Defendant's services that were performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

14.     Plaintiff had not invited or given permission to Defendant to send the May 23 Fax and has no prior business relationship with Defendant.

15.     On information and belief, Defendant faxed the same and similar unsolicited facsimiles to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

16.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17.     Defendant's facsimiles did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because, *inter alia*, they failed to apprise persons that they are *legally* entitled to opt-out of receiving future faxed advertisements in the first place, regardless of their statement that the sender '*may* make a request to the sender not to send any future faxes.'

## CLASS ACTION ALLEGATIONS

18.     In accordance with F. R. Civ. P. 23(b)(2) and (b)(3), and LR 23.1(A)(2), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons in the United States who: (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant that had the same opt out notice as that contained on Plaintiff's May 23 Fax, (3) with whom Defendant did not have an established business relationship, and (4) for whom Defendant claims it obtained express permission or invitation to send the fax in the same manner as it claims it obtained prior express permission or invitation to send the May 23 Fax to Plaintiff.

4

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff anticipates the need and thus reserves the right to amend the class definition upon completion of class certification discovery.

19.     Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands. Membership in the class is dependent upon reference to objective criteria, and only Defendant knows the number of persons to whom it has sent its unlawful faxes.

20.     Commonality (F. R. Civ. P. 23 (a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Defendant sent unsolicited fax advertisements;

(b)     Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

(c)     The manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)     Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

(e)     Whether the Defendant sent the faxed advertisements knowingly;

(f)     Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(g)     Whether the May 23 Fax contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(h)     Whether the Defendant should be enjoined from faxing advertisements in the future;

(i)     Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(j)     Whether the Court should award treble damages.

21.    <u>Typicality (F. R. Civ. P. 23 (a)(3))</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the May 23 Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

22.    <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: The Plaintiff will fairly and adequately represent and protect the interests of the class. He is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

23.    <u>Common Conduct (F. R. Civ. P. 23 (b)(2))</u>: Class certification is also appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to

all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.     <u>Predominance, Superiority & Manageability (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)     The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

(e)     This case is manageable as a class action in that:

i.      The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.  Liability and damages can be established for the Plaintiff and the

class with the same common proofs;

    iii.  Statutory damages are provided for in the statute and are the same

for all class members and can be calculated in the same or a similar manner;

    iv.  A class action will result in an orderly and expeditious

administration of claims and it will foster economics of time, effort and expense;

    v.  A class action will contribute to uniformity of decisions

concerning the Defendant's practices; and

    vi.  As a practical matter, the claims of the class are likely to go

unaddressed absent class certification.

### COUNT I
**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq*.**

25.  Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the

averments set for in paragraphs 1-24 above.

26.  The JFPA makes unlawful for any person to "use any telephone facsimile

machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement …" 47 U.S.C. § 227(b)(1)(C).

27.  The JFPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission, in writing or otherwise." 47

U.S.C. § 227(a)(5).

28.     The May 23, 2016 Fax was sent without any established business relationship and without any prior express invitation or permission from Plaintiff or any of the other Class members.

29.     The May 23, 2016 Fax fails to contain a notice that informs the recipient of the fax that they are *legally* entitled to opt-out of receiving future faxed advertisements.

30.     Indeed, the JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1.     a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.     a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.     a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and

regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

31.     **2006 FCC Report and Order.**  The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.     The definition of and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B.     The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes

the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

   C. The steps that must be taken to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

   D. The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (*See* Report and Order ¶48);

   As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

   32. **The May 23 Fax.** Defendant sent the May 23, 2016 fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The May 23 Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the May 23 Fax set forth in paragraph 30 above. Among other deficiencies, the May 23 Fax fails to apprise recipients of their legal right to opt out and of their right to have all numbers removed. The May 23 Fax was transmitted to persons or entities without their prior

express permission or invitation and Defendant is precluded from asserting any prior express permission or invitation because of its failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the May 23 Fax via facsimile transmission to Plaintiff and members of the Class.

33.     **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

34.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

35.     The JFPA is a strict liability statute.

36.     The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendant transmitted an advertisement; and (d) the May 23 Fax did not contain the required Opt-Out Notice.

37.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff wasted time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's activities. The Defendant's faxes unlawfully interfered with the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

38.     As such, the May 23, 2016 Fax constitutes an unsolicited advertisement.

WHEREFORE, Plaintiff, LC Technology International, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant Doorstep Delivery.net, Inc., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B.      That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C.      That the Court award treble damages where willfulness is shown;

D.      That Court enjoin the Defendant from additional violations and declare that Defendant's faxes are unsolicited advertisements sent in violation of the TCPA and JFPA; and

E.      That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

Dated: June 15, 2016                Respectfully submitted,

                                     **LC Technology International, Inc.**, individually and as the representative of a class of similarly-situated persons.

By:                                         /s/ Stefan Coleman

                                     Stefan Coleman
                                     law@stefancoleman.com
                                     LAW OFFICES OF STEFAN COLEMAN, P.A.
                                     201 South Biscayne Boulevard, 28th Floor
                                     Miami, Florida 33131
                                     Tel: 877.333.9427
                                     Fax: 888.498.8946

                                     Steven L. Woodrow*
                                     Woodrow & Peluso, LLC
                                     Patrick H. Peluso*
                                     3900 E. Mexico Avenue, Suite 300
                                     Denver, CO 80210
                                     Phone: (720) 213-0675
                                     Email: swoodrow@woodrowpeluso.com
                                              ppeluso@woodrowpeluso.com

                                     *Motion for admission *pro hac vice* to be filed

14